**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00766-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Fernando Ray White, | |
| Defendant. | |

The United States of America (the "Government") has filed a Motion to Reconsider Rejection of Plea Agreement (Doc. 47). Defendant Fernando Ray White ("the Defendant") has filed a Response (Doc. 55) and the Government has filed a Reply (Doc. 60). The Court must decide whether it properly rejected the parties' plea agreement under Federal Rule of Criminal Procedure 11. The Court finds that it did, and denies the Motion for the foregoing reasons.

**I.    Background**

    **A.    The Parties' Written Plea Agreement**

On September 21, 2021, the Government sought, and a federal grand jury issued, an Indictment charging the Defendant with three Indian Country crimes (18 U.S.C. §1153): (1) First Degree Murder (18 U.S.C. § 1111); (2) Assault with a Dangerous Weapon (18 U.S.C. §113); and (3) Use of a Firearm During a Crime of Violence (18 U.S.C. § 924) (Doc. 1). On November 3, 2022, the Defendant entered a guilty plea to Voluntary Manslaughter (18 U.S.C. § 1112), a Class C felony punishable by a statutory maximum

term of fifteen-years imprisonment and a three-year supervised release term. (Doc. 41). The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement included a stipulation that "the [D]efendant's sentence shall be 15 years' confinement." (*Id*. at 2). The Government also agreed to dismiss the Assault With a Dangerous Weapon and Use of a Firearm During a Crime of Violence charges. The Court accepted the Defendant's oral plea but informed him that it would not yet accept the written plea agreement. Rather, the Court would order a presentence report be prepared to help the Court understand his background and sentencing guideline range for sentencing purposes. *See In Re Ellis*, 356 F. 3d 1198, 1206 (9th Cir. 2004) (citing *United States v. Hyde*, 520 U.S. 670, 674 (1997) ("Although it accepted [Defendant's] guilty plea, the district court remained free to reject the plea agreement, including the [stipulated] sentence.").

### B. The Court's Rejection

On February 6, 2023, the Court rejected the written plea agreement. It stated that it reviewed the plea agreement along with the presentence investigation report, (*Sealed* Doc. 44); (TR at 1),[1] and determined that the plea agreement did not account for the sentencing factors set forth under 18 U.S.C. § 3553(a). (TR at 6). The Court noted that the presentence report calculated the Defendant's maximum sentencing guideline range at ninety-seven months (just over eight years), yet his plea agreement required the Court to impose a fifteen-year-sentence followed by three-years on supervised release.[2] The Court specifically noted that neither party filed a sentencing memorandum or motion for an upward variance to achieve their agreed upon above sentencing guideline range. Thus, the only information for the Court's consideration was the charging document, the plea agreement and the presentence report. (TR at 10).

The Court then set a status hearing, informing the Defendant that because it would not accept his plea agreement, it would give him time to determine whether he intended to withdraw from it. The Defendant and the Government filed a joint status report indicating

---

[1] "TR" refers to the transcript of proceeding held on February 6, 2023. (*See* Doc. 59).

[2] The Sentencing Guidelines "should be the starting point and the initial benchmark" for sentencing decisions. *See Peugh v. United States*, 569 U.S. 530, 536 (2013).

- 2 -

the Defendant wishes to withdraw his guilty plea. (Doc. 46). At the February 15, 2023, status hearing, the Court stated that it accepted the Defendant's withdrawal and that the plea agreement was not in the interest of justice, briefly reiterating the reasons it set forth at the sentencing hearing.

In its' Motion to Reconsider, the Government asserts that "the Court's rejection of the plea agreement in this case may have amounted to a clear and manifest error." (Doc. 47 at 2). It maintains that the Court usurped the Government's prosecutorial discretion "in an attempt to sentence the [D]efendant to a greater term of imprisonment." (*Id*. at 6). It also argues that the Court interfered with its charging discretion by forcing them to pursue the charges that they successfully sought against the Defendant and "did not determine that the plea agreement amounted to a manifest injustice." (*Id*. at 7). The Government further requests that, should the Court reinstate the plea agreement, "the Court deny the Defendant's request to withdraw his plea agreement.[3] (*Id*). The Defendant retorts that the Court rejected the plea agreement for appropriate reasons and [he] elected to withdraw his guilty plea[.]" (Doc. 55).

## II. Legal Standard

A district court has broad discretion when choosing to accept or reject plea agreements. *In Re Morgan*, 506 F. 3d 705, 708 (9th Cir. 2007) (citing *United States v. Miller*, 722 F.2d 562, 563–64 (9th Cir. 1983)) (citations omitted). But, when the parties reach an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), "the court may accept the agreement [or] reject it . . . ." *Id*. at 709. If the court accepts the Rule 11(c)(1)(C)[4] plea agreement, it must inform the defendant that the agreed upon sentence will be included in the judgement. *Id*.

If the court rejects the Rule 11(c)(1)(C) plea, the court "must (1) inform the parties, (2) advise the defendant that the court is not bound by the plea agreement and give the

---

[3] The Government does not bring its Motion to assert that there is newly discovered evidence or an intervening change in controlling law.

[4] Except where otherwise noted, all Rule references are to the Federal Rules of Criminal Procedure.

defendant an opportunity to withdraw the guilty plea, and (3) advise the defendant that if the plea is not withdrawn, 'the court may dispose of the case less favorably than the plea agreement contemplates.'" *Id*. (quoting Fed. R. Crim. P. 11(c)(5)). Moreover, a district court must "make an individualized assessment of a stipulated sentence's propriety in light of the specific facts and circumstance presented[.]" *Id*. at 711. Rule 11 provides for the "rejection of a negotiated plea agreement when the court believes a sentence is too lenient or otherwise not in the public interest." *Id*. (citing *In Re Ellis*, 356 F. 3d at 1209); *see also* U.S. Sent'g Guidelines Manual § 6B1.2(a) (U.S. Sent'g Comm'n 2021) ("The court may accept an agreement calling for the dismissal of charges . . . if the remaining charges reflect the seriousness of the actual offense behavior.").

### III. Analysis

The Court acted accordingly when it rejected the parties' plea agreement. The factual circumstances of the offenses and Defendant's background and character formed the basis of the Court's rejection, and this is sufficient under Rule 11. For example, the Court noted *inter alia* the following concerns:

- The presentence report showed that the Defendant was released from federal custody in 2017 following a 2004 conviction involving and exchange of gunshots with police wherein a juvenile was killed. (TR at 5–6).

- In May 2018, the Defendant's supervised release was revoked for illegal substance use and that a second supervised release violation petition was filed after he committed the alleged offenses here. (*Id*.)

- Eight-days after the alleged December 11, 2019, homicide, the Defendant fled to Utah where he was alleged to have been apprehended for stabbing a female. (*Id*. at 6).

- There were missing documents from the Gila River Indian Community which alleged that on May 19, 2019, the Defendant was involved in a shooting. (*Id*.) This also occurred after his 2017 release and while he was on supervised release.

In light of the above, the Court concluded it had "no problem finding [the

Defendant] a danger to the community" and stated its concern that the Defendant required a longer supervised release term than three-years as he had obviously not been rehabilitated. (*Id*. at 6). It also pointed out that neither the Government, nor the Defendant, filed any sentencing motions or memorandum upon which to find otherwise. (*Id*. at 10). The Court thus made the requisite individualized assessment of the stipulated sentence's propriety by considering the specific facts and circumstances. *In Re Morgan*, 506 F. 3d at 711. Therefore, its decision to reject the parties' plea agreement was not clear and manifest error.

The Government cites to *In Re Ellis* to argue the Court overstepped its judicial bounds because it inserted itself into the charging decision by rejecting the plea. However, the Government's reliance on *In Re Ellis* is flawed because there, the error was that the district court did not allow the Defendant to withdraw his guilty plea. 356 F.3d at 1202–03. Notably, the Defendant points out that "it was proper for the lower court to reject the plea agreement in that case 'as not in the interests of society, given [the defendant's] criminal history and the circumstances of the offense charged" and "[i]n this case, the Court made exactly the same determination[.]" (Doc. 55 at 2). The Court declines to revisit its ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Reconsider Rejection of Plea Agreement (Doc. 47) is **DENIED**.

Dated this 17th day of May, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge